UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | No. 2:23-cv-2039 DB P<br><br><br>ORDER |

Petitioner, a county jail inmate proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Additionally, petitioner did not submit his application on the proper form and it fails to provide information necessary for the court to evaluate his petition. (See ECF No. 1.) For example, it does not clearly state whether he has exhausted his claims in state court. The court requires all petitions for writ of habeas corpus be filed on the proper form which is provided by this court. Loc. R. 190(b).

Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee, and to resubmit his application on the proper form. Petitioner also requests that the court provide a copy of the prisoner complaint form used in this district because he would like to file a lawsuit

1

pursuant to 42 U.S.C. § 1983 for "civil human rights constitutional violations," false imprisonment, and due process violations arising from a parole board hearing.  (Id.)  The court will provide the requested form, but petitioner is advised that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481 (1994).  A plaintiff cannot maintain a Section 1983 action for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court.  Id. at 486–87; Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within sixty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.
2. The Clerk of the Court is directed to send petitioner:
   a. A copy of the in forma pauperis form used by this district,
   b. This court's habeas corpus application form, and
   c. A copy of the prisoner complaint form used in this district.
3. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within sixty days from the date of this order.[1]
4. Any amended petition must be filed on the form employed by this court and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action, and it must bear the title "Amended Petition."

////
////
////
////

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

5. Petitioner is warned that failure to comply with the court's directives in this order may result in a recommendation that this action be dismissed.

Dated: September 28, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:15
DB/DB Prisoner Inbox/Habeas/R/colb2039.101a